[Civ. No. 9544.  First Appellate District, Division Two.—March 21, 1935.]

IDA FUCHS et al., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

Phillips & Munck and Felton L. Watson for Appellants.

Elliott Johnson for Respondents.

NOURSE, P. J.—This is an action for damages arising out of the death of Dominick Fuchs, which resulted from a collision between a train operated by the defendant corporation and a motor vehicle operated by the deceased. The plaintiffs are the surviving wife and son of the deceased. The collision occurred while the deceased was attempting to cross the main line tracks of the defendant corporation at the intersection of Adeline and Sixty-second Streets in the city of Berkeley. At the time of the collision the pavement was dry and the atmosphere was clear. The train was running at an ordinary rate of speed not in excess of any local regulations 'and was sounding ample warning by whistle and bell with headlight plainly showing. Those witnesses who saw the collision testified that the train was plainly visible; that these warnings were heard long before the collision and that the deceased did not stop to look for an approaching train before entering upon the tracks. It was also shown that the deceased had been over the tracks at this intersection on numerous occasions and was thoroughly familiar with it.

At the conclusion of plaintiffs' case the defendants made a motion for a nonsuit which was denied. The defendants then rested and made a motion for a directed verdict upon the ground that the evidence failed to show any negligence on the part of defendants and upon the ground that the evidence affirmatively showed contributory negligence on the part of the deceased. This motion was granted and the plaintiffs appeal from the judgment on the verdict.

A preliminary view of the record is necessary. ▮ Appellants state that they are appealing upon a bill of excep-

tions and a typewritten copy of what purports to be such a bill is included in the transcript. This does not meet the requirements of Rule VII of the Rules for the Supreme Court and District Courts of Appeal that transcripts in civil cases not coming under section 953a of the Code of Civil Procedure shall be printed. It contains a typewritten statement that the trial judge settled and allowed the bill of exceptions but it does not appear that the bill was thereupon engrossed or that it was thereafter certified by the trial judge as required by section 650 of the Code of Civil Procedure. What purports to be the clerk's transcript, and what might be treated as the reporter's transcript in lieu of the bill of exceptions both fail to meet the requirements of section 953a of the Code of Civil Procedure because not certified by the trial judge, the clerk nor the reporter. We are therefore not permitted to consider the appeal as taken under section 953a but must go back to the provisions of sections 648 to 650. ■■ If respondents' stipulation to the correctness of the transcript waives the infirmities heretofore noted we are nevertheless bound by the express provisions of section 648 that when the exception is to the verdict or the decision upon the grounds of the insufficiency of the evidence to justify it, the objection must specify the particulars in which the evidence is alleged to be insufficient. This purported bill of exceptions contains no such specifications and we must assume, therefore, that the evidence was sufficient to justify the directed verdict for the failure to show negligence on the part of the defendant, or on the ground of the contributory negligence of the deceased.

■■ The first assignment of error made in the bill is that the trial court erred in refusing to permit the plaintiffs to call an adverse witness under section 2055 of the Code of Civil Procedure until their other witnesses had been examined. The trial court merely followed a practice which has been generally adopted and which finds support in the provisions of section 2042 of the Code of Civil Procedure which declares that the order of proof must be regulated by the sound discretion of the court. The appellants have not shown that they were prejudiced in any manner through the order complained of.

The second assignment is that the trial court erred in directing a verdict against the plaintiffs ''after having denied the defendants' motion for nonsuit''. No authorities are cited to show error in this respect. The argument is that if the motion for nonsuit had been granted the appellants would have had the right to bring the cause to trial again and to support it with additional evidence, whereas, because of the directed verdict, the litigation is closed. But the plaintiffs opposed the motion for a nonsuit and cannot now complain that it was not granted. Furthermore the settled rule is that the fact that a motion for a nonsuit has been denied does not prevent the court from subsequently directing a verdict for the defendants. (24 Cal. Jur. 916.) We find no error in the record as presented.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.