[Civ. No. 4815.   Fourth Dist.   Oct. 26, 1953.]

JOHN R. LAND, Appellant, v. DEL MAR TURF CLUB et al., Respondents.

Hiram T. Kellogg for Appellant.

Luce, Forward, Kunzel & Scripps and Leland C. Nielsen for Respondents.

BARNARD, P. J.—This is an action for damages based on allegations of negligence, false representations and breach· of warranty.

The complaint alleged that on July 29, 1950, the plaintiff went to the race track operated by the defendants, paid admission and bought an ''Official Program''; that pursuant to a ''system'' used by him he desired to bet, in the sixth race, on the horse which occupied the same post position which was occupied by the horse which had ''Placed'' in the preceding race; that he proceeded to ascertain which horse had ''Placed'' in the fifth race and found that the program gave the post position of that horse as 5, but also listed another horse for the same position in that race; that he then consulted the man in charge of the information booth, to ascertain the true post position of the horse that had ''Placed'' in the fifth race, and was told that this horse had started from post position 7; that in reliance upon this information he made a wager on the horse in the sixth race which had post position 7; that the horse which started from post position 5 in the sixth race won; that he later ascertained that the horse which had ''Placed'' in the fifth race had started from post position 5, and not from post position 7; and that by reason of the incorrect information given him he wagered on the wrong horse and missed making a profitable bet.

After a trial the court found for the defendants, finding that the material allegations of the complaint were untrue; that no false representations were made; that the plaintiff did not rely on the information given him; and that the defendants did not warrant that the information supplied in the official program was accurate and correct. Judgment was entered in favor of the defendants and the plaintiff has appealed.

Conceding that there are other findings of fact which, standing alone, are sufficient to support the judgment, the appellant first contends that the finding that the defendants did not warrant the correctness of the information supplied in the official program is erroneous and contrary to law. It is argued that it appears, without conflict, that he was unable to ascertain which of the two post positions listed in the program for the fifth race was correct; that it must be held, as a matter of law, that there was an implied warranty that the information given in the program was correct; that he relied upon the post position of the horses, but was

erroneously informed in that regard; and that if he had been given the correct information he would have bet on the horse occupying post position 5 in the sixth race, instead of betting on the horse occupying post position 7 in that race, in which event he would have won a large amount.

The official program purchased and used by the appellant was admitted in evidence. It was clearly stated thereon that ''While every effort is made to avoid mistakes on the program, Del Mar Turf Club assumes no liability to anyone for inadvertent errors.'' The court correctly held that this was an inadvertent error. Moreover, it conclusively appears from the appellant's own testimony that he did not rely on the program as printed. He discovered the error after the fifth race had been run, and attempted to ascertain which of the two horses listed as occupying post position 5 had actually occupied that position. While he testified that Mr. Allen in the information booth gave him the wrong information in this regard, he also testified that Mr. Allen told him to go and see the judges; that he did so; that one of the judges told him that both of the horses listed had started from post position 5 in the fifth race; and that he did not believe this statement. Mr. Allen testified in all material respects exactly contrary to appellant's testimony with respect to what he said to the appellant. No implied warranty appears as a matter of law, and appellant's counsel said, in arguing to the trial court, ''This action is based on misrepresentation, or wrong information given by Mr. Allen. It has nothing to do with the program.'' The court decided this issue against the appellant upon conflicting evidence.

█ Appellant's only other contention is that the court abused its discretion in refusing to permit the appellant to cross-examine Mr. Allen under section 2055 of the Code of Civil Procedure until after he had made a prima facie case by producing evidence as to the general facts and what had happened. Mr. Allen's deposition had been taken and the appellant knew what the general line of his testimony would be. The order of proof was a matter to be regulated by the trial court (Code Civ. Proc., § 2042), and no possible prejudice appears. (*Fuchs* v. *Southern Pac. Co.*, 5 Cal.App.2d 409 [42 P.2d 704].)

The judgment is affirmed.

Griffin, J., concurred.