[Civ. No. 8573. Third Dist. Apr. 19, 1955.]

MARGARUITE BUTLER MacGREGOR, Appellant, v. FRANK KAWAOKA et al., Respondents.

L. G. Hitchcock for Appellant.

Daniel K. York for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment in favor of the defendants in an action brought upon a $6,000 promissory note which the trial court found was entirely discharged by payments admittedly made by respondent Kawaoka to the payee, but which were applied by it against Kawaoka's indebtedness upon an open book account. Respondent Carlson was an accommodation maker. It appears that on July 11, 1951, Kawaoka owed plaintiff's assignor a sum in excess of $20,000 for merchandise purchased upon credit. Prior to that date the assignor had urged upon Kawaoka that he find some way to reduce the balance of this book account and suggested that he obtain an accommodation maker to execute a promissory note with him payable to the assignor for at least a part of the total sum owing. Kawaoka testified that he agreed to do this if an understanding could be had that payments thereafter made would all be applied to the retirement of the note and not credited to the open account. He said that he informed the assignor he would not be able to get an accommodation maker unless it could be so stipulated and that the assignor then agreed that such would be the understanding and that all payments made to him by Kawaoka would be credited upon the note until it was discharged. After the note was delivered it appears without dispute that sums in excess of $10,000 were paid in to the assignor by Kawaoka, but no payments were credited upon the note. Had the understanding as Kawaoka testified to it been kept the note would have been discharged. This testimony of Kawaoka was corroborated by a witness who was present during a conversation between Kawaoka and the assignor and who said that such an understanding was arrived at between the two men. The trial court found that the note had been paid and the foregoing testimony substantially supports that finding. ·

The sole point presented for reversal is that the trial court erred in sustaining an objection made by Carlson's attorney when appellant's counsel called Carlson as a witness under section 2055 of the Code of Civil Procedure. In the course of that ruling the court announced that said section was not applicable and afforded no reason why Carlson could be called and subjected to cross-examination as an adverse witness thereunder. The record is unsatisfactory. The reporter's transcript contains nothing that refers to the foregoing incident, but the clerk's transcript does contain a memorandum opinion rendered by the trial court when denying a motion for new trial based upon the same asserted error. The

matter was fully discussed in appellant's opening brief. It appears that no offer of proof was made as to what Carlson might testify to if called and questioned. Respondent filed no brief. The clerk of this court, pursuant to rule 17, subdivision (b), notified the parties that the case would be submitted for decision on the record and on appellant's opening brief unless respondent's brief was filed, but no such brief was forthcoming. The matter was regularly placed on the calendar and is ready for decision and this court feels it has no course open to it except to accept as true the statement of facts in appellant's opening brief, in conformity with said rule 17, subdivision (b).

The ruling of the trial court constitutes reversible error. (*Lawless* v. *Calaway*, 24 Cal.2d 81, 89-91 [147 P.2d 604].) Therein our Supreme Court, in a case where the trial court had sustained objections to questions addressed to the adverse party called under said section, which questions called for expert testimony on his part, held that such a ruling was reversible error, and in discussing the matter declared that section 2055 of the Code of Civil Procedure was enacted to enable a party to call his adversary and elicit his testimony without making him his own witness; that it was remedial in character and should be liberally construed in order to accomplish its purpose; that any relevant matter in issue in the case is within the scope of examination of witnesses called pursuant to its provisions. The court quoted approvingly from the opinion in *Langford* v. *Issenhuth*, 28 S.D. 451 [134 N.W. 889, 892], wherein that court said in respect of a similar statute that under it examination must be given the widest and freest scope; that the whole case could be fully and minutely investigated; that the main purpose of the statute was to permit an adverse party to be called to prove or to be questioned about facts material to the case of the party calling him, whether to prove a single material fact or a number of material facts, or even the whole case; that the facts as to which a party calling such a witness might desire to examine him were wholly within the party's discretion. Our Supreme Court further declared that the usual rule that a party objecting to the exclusion of evidence must make an offer of proof in order to show prejudicial error had no application, and the court disapproved certain cases decided in the District Courts of Appeal holding to the contrary. The court said: "Furthermore, the examination of a party under section 2055 is often exploratory and it would be unreasonable to require an

offer of proof under such circumstances.'' We think it was the clear right of the appellant under said code section to call Mr. Carlson to the stand and, without making him her witness, interrogate him fully concerning his defense that the note had been paid. It has been suggested that the matter was one lying within the realm of order of proof and that under section 2042 of the Code of Civil Procedure the trial court could forbid the questioning for the reason that appellant had not called Carlson to the stand as part of her case in chief. The contention cannot be sustained. We are not concerned here with the order of proof, but with the substantive right given the appellant by statute. Whenever it was material to her case or whenever she desired before the close of the case to call Carlson as an adverse witness it was her privilege under the statute to do so.

The judgment is reversed.

Peek, J., and Schottky, J., concurred.