[Civ. No. 9624. Third Dist. May 14, 1959.]

LILLIAN MAY MURRY et al., Appellants, v. WALTER
CARL MANLEY, Respondent.

Henry F. Saunders and Ralph E. Kingston for Appellants.

Wyman, Finell & Rothman for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment of nonsuit entered in a wrongful death and personal injury action.

The evidence reveals that on the 25th of April, 1955, one of appellant Lillian May Murry's sons and her husband were fatally injured when the automobile in which they were riding collided with respondent's truck and trailer. Another son of Mrs. Murry's was injured in the accident, but he was asleep at the time and has no recollection thereof. In his opening statement made to the jury, plaintiffs' counsel stated that he would call a disinterested witness to support his case, but it does not appear from the settled statement upon which this appeal is presented whether the witness was the highway patrol officer who investigated the accident or an eyewitness. In any event, the highway patrol officer was called as a witness, but plaintiffs did not interrogate him relative to any phase of his investigation but chose to limit their inquiry to establishing a foundation for the introduction of certain photographs. Appellants then sought to call as a witness the defendant-respondent Walter Carl Manley under the provisions of section 2055 of the Code of Civil Procedure, and upon objection, the trial court ruled that appellants had not made out a prima facie case, and until they did so they would not be allowed to call respondent as an adverse witness under the provisions of said section. Upon the same ground appellants were not permitted to read into evidence Manley's deposition taken under the provisions of sections 2016 and 2055 of the Code of Civil Procedure, and respondent's motion for a nonsuit was granted.

Appellants contend that each of the above-mentioned rulings of the trial court constituted prejudicial error. On the other hand, respondent argues that under the provisions of section 2042 of the Code of Civil Procedure the order of proof was a matter to be regulated in the sound discretion of the trial court. While there is authority to support respondent's position (*Land* v. *Del Mar Turf Club*, 120 Cal.App. 2d 829, 831 [262 P.2d 54]), this court in *MacGregor* v. *Kawaoka* (1955), 132 Cal.App.2d 407, 410 [282 P.2d 130], expressed the opposite view, stating: "Whenever it was material to her case or whenever she desired before the close of the case to call Carlson as an adverse witness it was her privilege under the statute to do so." In *Daggett* v. *Atchison,*

*Assigned by Chairman of Judicial Council.

*T. & S. F. Ry. Co.* (1957), 48 Cal.2d 655, 663 [313 P.2d 557], the court noted with approval that plaintiffs had called defendant engineer and another employee of the defendant railway as their first two witnesses. ■ Further, our Supreme Court in *Lawless* v. *Calaway,* 24 Cal.2d 81, 89-91 [147 P.2d 604], as pointed out by this court in the MacGregor case, *supra,* in a case where the trial court had sustained objections to questions addressed to the adverse party called under such section, which questions called for expert testimony on his part, held that such a ruling was reversible error, and in discussing the matter determined that section 2055 of the Code of Civil Procedure was enacted to enable the party to call *his adversary and elicit his testimony without making him his own witness;* that it was remedial in character and should be liberally construed in order to accomplish its purpose; that any relevant matter in issue in the case is within the scope of examination of witnesses called pursuant to its provisions. The court quoted approvingly from the opinion in *Langford* v. *Issenhuth,* 28 S.D. 451 [134 N.W. 889, 892] wherein that court said in respect to a similar statute that under it examination must be given the widest and freest scope; that the whole case could be fully and minutely investigated; that the main purpose of the statute was to permit an adverse party to be called to prove or to be questioned about facts material to the case of the party calling him, whether to prove a single material fact or a number of material facts, *or even the whole case;* that the facts as to which a party calling such a witness might desire to examine him were wholly within the party's discretion. Our Supreme Court, in the Lawless case, further declared that the usual rule that a party objecting to the exclusion of evidence must make an offer of proof in order to show prejudicial error had no application, and the court disapproved certain cases decided in the District Court of Appeal holding to the contrary. ■ The court said: ''Furthermore, the examination of a party under section 2055 is often exploratory and it would be unreasonable to require an offer of proof under such circumstances.'' ■ Therefore, since an adverse party may be called under section 2055 even to prove the whole case, we feel that the trial court in the instant case abused its discretion in refusing to permit the appellants to call the respondent Manley under the provisions of section 2055 because they had not then made out a prima facie case. ■ The same reasoning applies with equal force, if not

greater, to the trial court's refusal to permit the appellants to read into the record the respondent Manley's deposition taken under the provisions of sections 2016 and 2055 of the Code of Civil Procedure. Section 2016 provides that the deposition of a party may be used by an adverse party for any purpose. There is no limitation. Consequently, it may be used to establish any material fact, a prima facie case, or even to prove the whole case. However, Manley's deposition has been lodged with this court and we find nothing therein which tended to establish appellants' cause of action. Hence, we fail to see wherein they were prejudiced by its exclusion, notwithstanding the trial court's error in refusing to permit it to be read into evidence.

However, the same may not be said of the trial court's refusal to permit the appellants to call Manley as an adverse witness. By further questioning appellants may have been able to elicit testimony from the witness to establish material and pertinent evidence towards establishing their cause of action. Whenever it was material to appellants' case, or whenever they desired to call Manley an an adverse witness, it was their privilege under the statute to do so.

We do not deem it necessary to discuss other matters presented in the briefs.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.