[S. F. No. 21028.   In Bank.   Oct. 4, 1962.]

LEON H. MAYHOOD, Plaintiff and Respondent, v. NANETTE R. MITCHELL LA ROSA et al., Defendants and Appellants.

John J. Taheny for Defendants and Appellants.

Dobbins & Weir, Goodman & Goodman and Walter W. Weir for Plaintiff and Respondent.

TRAYNOR, J.—Plaintiff brought this action to quiet title to 47 acres of land against Nanette La Rosa, the granddaughter and sole devisee of Hattie Mayhood, and against the personal representative of Mrs. Mayhood's estate. Plaintiff acquired the land before his marriage to Mrs. Mayhood in 1915. Mrs. Mayhood died in 1959. During the 44 years of the marriage, the land was used to grow fruit trees and grape vines. Until he became incapacitated by illness in 1957, plain-

tiff devoted most of his working time and energy to managing and cultivating the orchard and vineyard. All receipts therefrom were placed in a single bank account, and all expenditures were made from this account. One such expenditure, in the amount of $12,000, was for a residence constructed on the land in 1928. Defendants offered but were not allowed to introduce evidence that another expenditure of $14,300 was made in 1939 to replant the land with trees and grape vines. The trial court, sitting without a jury, entered judgment quieting plaintiff's title and denying the relief sought in defendants' cross-complaint. Defendants appeal.

Defendants contend that the land was community property to the extent that plaintiff's efforts increased its value and funds used to improve it are attributable to his efforts and that half of such community property therefore passed to Mrs. La Rosa under the will. The trial court rejected this contention on the authority of *Estate of Pepper*, 158 Cal. 619, 623-624 [112 P. 62, 31 L.R.A. N.S. 1092].

In *Estate of Neilson*, 57 Cal.2d 733, 741 [22 Cal. Rptr. 1, 371 P.2d 745], we overruled the *Pepper* case and held that the part of the profits of a separate property enterprise attributable to the husband's efforts is community property, whether the enterprise be classified as "commercial" or "agricultural." The funds in plaintiff's bank account were derived primarily from profits of the enterprise. These funds, which were used to pay for the improvements in 1928 and 1939, must therefore be apportioned between plaintiff's separate property and the community property. Any increase in the value of the land attributable to plaintiff's efforts was also community property. (*Estate of Neilson, supra*, 57 Cal.2d at pp. 740-741.)

Defendants also contend that the trial court erred in ruling that they could not introduce into evidence plaintiff's deposition and certain answers he gave to interrogatories except to impeach his testimony. Code of Civil Procedure section 2030, subdivision (b), provides that answers to interrogatories "may be used to the same extent as provided in subdivision (d) of Section 2016 of this code for the use of the deposition of a party." Section 2016, subdivision (d), paragraph (2), provides that, "so far as admissible under the rules of evidence," any part or all of the deposition of a party "may be used by an adverse party for any purpose." Thus, insofar as plaintiff's deposition and answers to interrogatories contained admissions, they should have been admitted in evi-

dence. (*Dini* v. *Dini*, 188 Cal.App.2d 506, 512 [10 Cal.Rptr. 570]; *Murry* v. *Manley*, 170 Cal.App.2d 364, 367 [338 P.2d 976].) ▮ As stated in the two cited cases, an adverse party's deposition "may be used to establish any material fact, a prima facie case, or even to prove the whole case." Consequently, a party is not limited to using an adverse party's deposition or answers to interrogatories for the purpose of impeaching his testimony.

The judgment is reversed.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Tobriner, J., concurred.