[Civ. No. 625. Fifth Dist. Mar. 17, 1966.]

THOMAS DOYLE PEMBER, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; CHARLES JOHNNY YOUNG et al., Real Parties in Interest.

Vizzard, Baker, Sullivan & McFarland, Allan H. McFarland and Richard M. Long for Petitioner.

King, Eyherabide, Cooney & Owen and Fred W. Owen for Real Parties in Interest.

No appearance for Respondent.

CONLEY, P. J.—This is a petition for a writ of mandate to compel the defendant Young to answer certain questions asked in his deposition. The record shows that the petitioner, Thomas Doyle Pember, filed a complaint in the Superior Court of Kern County against Charles Johnny Young and Young's Market, a corporation, in which he prayed for damages in the sum of $35,000; the automobile accident referred to in the pleading was alleged to be a rear-end collision in which the defendant, Charles Johnny Young, had driven the corporation's automobile into the car of the petitioner. ▆▆▆ The defendants appeared and filed an answer; in due course, Mr. Young was served with written interrogatories propounded pursuant to section 2030 of the Code of Civil Procedure, one of which referred to his plea of contributory negligence: "Is it your contention that the plaintiff was in any way negligent or contributorily negligent; and if so, on what facts do you base this contention?" Thereafter, the defendant driver served and filed his answers, including the following reply to the interrogatory just quoted: "Defendant does claim that plaintiff was guilty of contributory negligence in the method and manner of his driving the car at the time of the accident here in question. Complete investigation has not been done at this time, so that further facts may be available at some later date."

The plaintiff then took Mr. Young's deposition; certain questions were propounded to him, which were identical in effect with the interrogatory above quoted. Upon advice of counsel for the defendants, Mr. Young refused to answer the questions. A proceeding followed in the superior court designed to require him to answer; however, the trial judge refused to compel Mr. Young to answer, saying: "The Court rules that questions asked that call for a legal theory of the facts should be accomplished by means of written interrogatories wherein . . . [defendant's] attorney, as a professional could apply the facts to his legal theory. In the event interrogatories are filed requesting answers based on a question such as in the present case, the problem of work product might arise."

The trial court was wrong. ▆▆▆ It is well established that a party to litigation is entitled to use either or both interrogatories and the deposition of an opposing party as proper means of discovery unless it would be "unjust, inequitable, oppressive or burdensome." (*Darbee* v. *Superior Court,* 208

Cal.App.2d 680, 687 [25 Cal.Rptr. 520]; *Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]; *Coy* v. *Superior Court,* 58 Cal.2d 210, 218 [23 Cal.Rptr. 393, 373 P.2d 457]; *Carlson* v. *Superior Court,* 56 Cal.2d 431 [15 Cal.Rptr. 132, 364 P.2d 308].)

*Singer* v. *Superior Court,* 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305], makes it clear that the questions call for answers disclosing facts and not opinions.

 The trial court's refusal to require defendant to answer the questions was an abuse of discretion; there was no sound ground to justify the denial of the request made by plaintiff. (*Hauk* v. *Superior Court,* 61 Cal.2d 295 [38 Cal. Rptr. 345, 391 P.2d 825]; *Flora Crane Service, Inc.* v. *Superior Court,* 234 Cal.App.2d 767 [45 Cal.Rptr. 79]; *Singer* v. *Superior Court, supra,* 54 Cal.2d 318.)

IT IS, THEREFORE, ORDERED that a peremptory writ of mandate issue requiring the superior court to set aside the order heretofore made and to enter an order that the defendant, Young, answer the questions; it is further ordered that at said time the trial court shall hear and determine any motion which may be made by petitioner for an award of costs as against the defendants pursuant to section 2034 of the Code of Civil Procedure.

Brown (R.M.), J., and Stone, J., concurred.