[L. A. No. 29266.   In Bank.   May 5, 1967.]

THOMAS DOYLE PEMBER, Petitioner, v. THE SUPE-
RIOR COURT OF KERN COUNTY, Respondent;
CHARLES JOHNNY YOUNG et al., Real Parties in
Interest.

Vizzard, Baker, Sullivan & McFarland and Allan H. McFarland for Petitioner.

No appearance for Respondent.

King, Eyherabide, Cooney & Owen, Rodney Cooney, Robert Anspach and Robert E. King for Real Parties in Interest.

McCOMB, J.—This is a proceeding in mandamus to compel respondent court to award costs in support of a discovery proceeding.

*Facts*: In a personal injury action filed in respondent court by petitioner (hereinafter referred to as "plaintiff") against Charles Johnny Young and Young's Market, arising out of an automobile collision, counsel for plaintiff asked certain deposition questions of defendant Young regarding his plea of contributory negligence. Defendant Young refused to answer on advice of his counsel.

Plaintiff's attorneys then commenced a proceeding in respondent court to compel defendant Young to answer, but respondent court held that "questions asked that call for a legal theory of the facts should be accomplished by means of written interrogatories wherein . . . [defendant's] attorney, as a professional could apply the facts to his legal theory."

Plaintiff thereupon filed a petition in the Court of Appeal, Fifth Appellate District, for a writ of mandate to require defendant Young to answer the questions. The Court of Appeal granted the writ and said: "The trial court was wrong. It is well established that a party to litigation is entitled to use either or both interrogatories and the deposition of an opposing party as proper means of discovery unless it would be 'unjust, inequitable, oppressive or burdensome.' [Citations.]

"*Singer* v. *Superior Court,* 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305] . . . makes it clear that the questions call for answers disclosing facts and not opinions.

"The trial court's refusal to require defendant to answer the questions was an abuse of discretion; there was no sound ground to justify the denial of the request made by plaintiff." (*Pember* v. *Superior Court,* 240 Cal.App.2d 888, 889-890 [2, 1b] [50 Cal.Rptr. 24].)

The Court of Appeal then entered its order, as follows: "IT IS, THEREFORE, ORDERED that a peremptory writ of mandate issue requiring the superior court to set aside the order heretofore made and to enter an order that the defendant.

Young, answer the questions; it is further ordered that at said time the trial court shall hear and determine any motion which may be made by [plaintiff] for an award of costs as against the defendants pursuant to section 2034 of the Code of Civil Procedure." (240 Cal.App.2d at p. 890.)

In accordance with the writ of mandate, respondent court required defendant Young to answer the questions. Plaintiff then moved for an order requiring payment of costs pursuant to section 2034, subdivision (a), of the Code of Civil Procedure, which reads, in part, as follows: "If the motion [to compel answers] is granted *and* if the court finds that *the refusal was without substantial justification* the court *may* require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees." (Italics added.)

Plaintiff filed in support of his motion the declaration of his attorney as to costs incurred and time spent. In the declaration, no showing was made upon the matter of whether or not there had been substantial justification for refusal to answer originally on the oral deposition.

The motion was submitted by the parties upon the record, without further testimony or documentation. Respondent court denied the motion, with the following comments in a memorandum of decision: "The determination of this matter requires the court to determine whether or not the refusal [to answer the questions] was 'without substantial justification' C.C.P. 2034. After examining the entire file, including the deposition, the purported answers and objections made, the minute order of Judge Jelletich denying the motion to compel answers, the affidavit of Mr. McFarland [plaintiff's attorney], the pleadings in the case, and the written opinion of the District Court of Appeal [now the Court of Appeal], Fifth Appellate District, I am unable to find that the refusal was without substantial justification.' . . .' "

Thereafter, plaintiff filed the present petition for writ of mandate.

Question: *Was respondent court required to grant plaintiff's motion for costs?*

*No.* Plaintiff argues that, by the terms of the peremptory writ of mandate granted by the Court of Appeal in *Pember* v. *Superior Court, supra,* 240 Cal.App.2d 888, respondent court was required to grant his motion for costs.

The Court of Appeal, however, did not order that costs be awarded. It merely directed respondent court to "hear and determine any motion which may be made by [plaintiff] for an award of costs as against the defendants pursuant to section 2034 of the Code of Civil Procedure." Respondent court, by hearing and determining plaintiff's motion, obeyed that order.

Under the plain language of section 2034, subdivision (a), of the Code of Civil Procedure, costs are not to be awarded unless the trial court finds that the refusal to answer questions was without substantial justification. In the present case, respondent court determined that the record did not indicate that the refusal was without substantial justification, and no showing has been made that it abused its discretion in so determining.

Furthermore, section 2034, subdivision (a), of the Code of Civil Procedure provides that if a motion to compel answers is granted, and the trial court finds that the refusal was without substantial justification, it *may* require the refusing party to pay the costs of the examining party. Thus, even if a trial court finds that the refusal was without substantial justification, it is not *required* to award costs.

As plaintiff points out, the Court of Apeal found that there was no sound ground to justify respondent court's denial of plaintiff's request that defendant Young be ordered to answer the deposition questions. (*Pember* v. *Superior Court, supra,* 240 Cal.App.2d 888, 890 [1b].)

Although we are not here required to determine the soundness of that holding, we wish to call attention to the fact that none of the cases cited by the Court of Appeal in support of its holding involved inquiry on the *deposition* of a layman as to the factual basis on which he claimed his opponent to have been negligent or contributively negligent.

In *Singer* v. *Superior Court,* 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305], cited by the Court of Appeal, it was held that answers to such questions should be required when propounded by *written interrogatories;* but such a situation is clearly different from that presented on the oral deposition of a layman.

In any event, the statement by the Court of Appeal that "there was no sound ground to justify [respondent court's] denial" of plaintiff's request that defendant Young be ordered to answer the questions cannot, as plaintiff seems to assume, be regarded as the equivalent of a holding that

defendant Young's refusal was "without substantial justification" under the cost provisions of section 2034 of the Code of Civil Procedure here involved.

The order to show cause is dismissed and the writ of mandate is denied.

Traynor, C. J., Peters, J., Tobriner, J., and Burke, J., concurred.

MOSK, J.—I dissent.

In almost identical form the questions which counsel asked of defendant were approved by this court in *Singer* v. *Superior Court* (1960) 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305]. That *Singer* involved written interrogatories and this case an oral deposition is a trivial distinction. Thus the issue was no longer in doubt, and clearly any declination to reply was "without substantial justification."

The Court of Appeal properly found the trial court's refusal to require the defendant to answer the questions "was an abuse of discretion; there was no sound ground to justify the denial of the request made by plaintiff." This amounted to the finding contemplated by section 2034, subdivision (a), of the Code of Civil Procedure that "the refusal was without substantial justification." Indeed, here the refusal was without *any* justification. The trial court no longer had the power to review that issue.

The Court of Appeal could have ordered the refusing deponent or his attorney to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order. Instead, however, the Court of Appeal ordered the trial court to set aside its previous order of denial, to order the defendant to answer the questions, and at that time the trial court "shall hear and determine any motion which may be made by [plaintiff] for an award of costs."

The majority refer back to section 2034, subdivision (a), and interpret the word "may" to invest the trial court with *renewed* discretion after remand of the matter from the Court of Appeal. Such construction seems strained in view of the appellate opinion holding the trial court had already abused its discretion. The manifest purport of the Court of Appeal's order was that the trial court merely hear the plaintiff's motion to ascertain the amount of the costs reasonably incurred.

Under the circumstances of this case, after the clearly

erroneous refusal of the trial court to require defendant to answer the questions, the same court's subsequent denial of all costs incurred by the plaintiff in obtaining the order to which he was previously entitled can only be characterized as bordering on the capricious. The majority compound the imposition upon plaintiff by approving this arbitrary trial court ruling that the refusal to answer questions was not "without substantial justification" after the Court of Appeal had previously determined it was.

The principle of full and candid discovery before trial is thus dealt a severe blow, for an implication will persist that discovery may be achieved only by the party with the most resources or staying power.

The record demonstrates that the plaintiff sought an answer to his questions for approximately one year. He lost both time and treasure to obtain that to which *Singer* held in 1960 he was undeniably entitled. Certainly both the law and elementary fairness dictate he recoup at least his out-of-pocket "reasonable expenses."

I would grant a writ of mandate.

Sullivan, J., concurred.