[Civ. No. 24680.    First Dist., Div. One.    Sept. 28, 1967.]

SAM D. BUNNELL, Petitioner, v. THE SUPERIOR COURT
    OF ALAMEDA COUNTY, Respondent; CALIFORNIA
    LIFE INSURANCE COMPANY, Real Party in Interest.

Long &, Levit, Victor B. Levit and Gerald Z. Marer for
Petitioner.

No appearance for Respondent.

Bronson, Bronson & McKinnon and Richard S. Hawkinson for Real Party in Interest.

MOLINARI, P. J.—In this mandate proceeding, wherein we issued an alternative writ, the question presented . is whether the court below abused its discretion in ordering plaintiff to further answer certain of defendant's written interrogatories, to pay $250 attorneys' fees, and imposing the sanction that if said answers were not filed within five days plaintiff could not present any witnesses at trial.[1]

The instant action is one for defamation brought by plaintiff against defendant. The case has been tried twice. A new trial, after a verdict in favor of plaintiff, was granted in the first trial, and the second trial was declared a mistrial when the jury could not agree upon a verdict. In preparation for a third trial defendant submitted, among others, two interrogatories. The first required plaintiff to answer detailed questions concerning any witnesses who had heard an agent of defendant make any defamatory statement about plaintiff, and the second asked for the names and addresses of all witnesses not set forth in the answer to the first interrogatory who have relevant knowledge concerning any issue in the case. To each of these plaintiff responded respectively: "See plaintiff's testimony in prior depositions and trials," and "See testimony of all persons in all prior depositions and trials."

A motion to compel further answers to these two interrogatories was granted,[2] and plaintiff thereupon served the supplemental answers as follows:

---

[1]Prohibition rather than mandamus is the proper remedy where the lower court allegedly abuses its discretion in permitting or ordering further discovery. (*Oceanside Union School Dist.* v. *Superior Court,* 58 Cal.2d 180, 185 [23 Cal.Rptr. 375, 373 P.2d 439]; *Twin Lock, Inc.* v. *Superior Court,* 52 Cal.2d 754, 758 [344 P.2d 788].) However, where the allegations are broad enough to encompass the appropriate remedy, as is the case in the instant proceeding, the petition will be treated as a petition for such relief. (*Proctor & Gamble Co.* v. *Superior Court,* 124 Cal.App.2d 157, 162 [268 P.2d 199]; *Los Angeles Transit Lines* v. *Superior Court,* 119 Cal. App.2d 465, 468-469 [259 P.2d 1004].)

Although plaintiff petitioner asserted in his petition that defendant's motions for further answers and for attorneys' fees were not timely filed, and that therefore the court below had no jurisdiction to decide the motions, he abandoned this contention at oral argument and conceded that defendant's motions were timely.

[2]At the hearing counsel for plaintiff informed the court that all of the information possessed by plaintiff and his counsel was that which was disclosed in the depositions previously taken and the prior trials. In response to the court's inquiry plaintiff's counsel responded "We have no further

"1. At this time, Plaintiff and his representatives have no information about persons who heard or claim to have heard agents of Defendant make defamatory or critical remarks about Plaintiff, other than those persons mentioned at prior trials and depositions.

"2. At this time, Plaintiff and his representatives have no information about persons having relevant knowledge or claiming to have relevant knowledge about issues in this case, other than those persons mentioned at prior trials and depositions."

A motion to compel further answers to the subject interrogatories resulted in the order which plaintiff attacks in the instant proceeding.[3]

In considering the question presented, we first note that it has been defendant's position throughout the proceedings that his purpose for requesting that the interrogatories be answered specifically is to lay a foundation for the exclusion at the trial of witnesses not identified or disclosed in response to the interrogatories. Under Code of Civil Procedure section 2016, subdivision (b)[4] "[T]he deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . including the . . . identity . . . of persons having knowledge of relevant facts." (See *Unger* v. *Los Angeles Transit Lines,* 180 Cal.App.2d 172, 175-176 [4 Cal.Rptr. 370, 5 Cal.Rptr. 71].) Since section 2030 subdivision (b) provides that interrogatories may relate to any matters which can be inquired into under section 2016 subdivision (b) and that the answers may be used to the same extent as provided in subdivision (d) of section 2016 which provides that any part or all of the deposition of a party "may be used by an adverse party *for any purpose*" (italics added; see *Mayhood* v. *La Rosa,* 58 Cal.2d 498, 500-501 [24 Cal.Rptr. 837, 374 P.2d 805]), interrogatories may be used to lay the foundation for the sanctions provided for in section 2034. ■ Pursuant to section 2034, upon the refusal of a party to answer any interrogatory submitted under section 2030, an application may be made for an order compelling such answer. The refusal to obey

---

information." The record also discloses that during the colloquy between the court and plaintiff's counsel the court suggested that plaintiff respond by saying "We have no further witnesses. When we discover or intend to use other additional witnesses we'll supply them to you."

[3] The order contains no indication or basis for the trial court's action.

[4] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

such order, following a hearing on such application, empowers the court to make such orders in regard to the refusal as are just, including among others, ''An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated . . . items of testimony, . . .'' (§§ 2034, subd. (a); 2034, subd. (b)(2)(ii, vi); see *Unger* v. *Los Angeles Transit Lines, supra.*)

In the instant case our immediate inquiry is whether the trial court was justified in imposing the sanction that if plaintiff did not file further answers to the subject interrogatories within five days he could not present any witnesses at the trial. This inquiry in turn depends upon whether plaintiff was justified in further refusing to answer the interrogatories. Although plaintiff could not refuse to answer merely on the claim that the requested information had been given in previous depositions and trials (*Carlson* v. *Superior Court,* 56 Cal.2d 431, 439 [15 Cal.Rptr. 132, 364 P.2d 308]; *Coy* v. *Superior Court,* 58 Cal.2d 210, 218 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678]), he was entitled to object on this basis upon a showing that the requirement of a reply would be unjust and inequitable. (*Coy* v. *Superior Court, supra.*) We are satisfied that such a showing was made by him in the court below.

We are persuaded that in the present case there is in reality nothing to discover insofar as the identity of the witnesses is concerned in view of plaintiff's answer that there are no witnesses other than those mentioned in the depositions and at the previous trials, transcripts of which are in defendant's possession. Accordingly, the question is *who* will have the onus of researching these transcripts for the purpose of listing the names of the witnesses in order to lay a foundation for the exclusion of witnesses whose identity has not been disclosed. In this regard we note that the purpose of the Discovery Act is to permit a party to prepare himself for trial, not to require one party. at his expense, to prepare the case for his opponent. (*Ryan* v. *Superior Court,* 186 Cal.App. 2d 813, 819 [9 Cal.Rptr. 147]; see *Lindgren* v. *Superior Court,* 237 Cal.App.2d 743, 748 [47 Cal.Rptr. 298]; see also Louisell, Modern California Discovery (1963) p. 140.) In *Ryan* it was held that the trial court did not abuse its discretion in refusing to require the plaintiff to answer interrogatories requesting plaintiff to list the name of each biographee whose name appeared in the 1956 edition of plaintiff's work

who did not appear in the 1957 issue, upon the rationale that each of these publications was equally available to defendants and that, accordingly, plaintiff should not be required to do the clerical work involved.

There is statutory precedent in California for placing the burden of research on the propounder of the interrogatory where the records from which the research is to be done are equally available to him. In section 2030, subdivision (c) it is provided, essentially, that where the answer to an interrogatory may be derived or ascertained from the business records of the party to whom such interrogatory is addressed, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the propounder a reasonable opportunity to examine such records and to make copies thereof or compilations, abstracts or summaries therefrom. Upon analogy, it becomes apparent that when the material to be "discovered" consists, as here, solely of information available to both parties, it defeats the purpose of the Discovery Act to compel one party to perform another party's research, whether such be laborious or not.[5]

In sum, we conclude that the trial court abused its discretion in requiring further answers and in imposing sanctions for the failure to do so. Accordingly, it cannot be said that plaintiff's refusal to answer was "without substantial justification" so as to permit the order granting attorneys' fees under section 2034, subdivision (a). Moreover, an award of attorneys' fees or costs under section 2034, subdivision (a) cannot be made unless the trial court finds that the refusal to answer questions was without substantial justification. (*Pember* v. *Superior Court,* 66 Cal.2d 601, 604 [58 Cal.Rptr. 567, 427 P.2d 167] ; *Weinkauf* v. *Superior Court,* 64 Cal.2d 662, 664-665 [51 Cal.Rptr. 100, 414 P.2d 36].) No such finding was made in the instant case.

Let a writ of prohibition issue.

Sims, J., and Elkington, J., concurred.

---

[5]Defendant claims that the names of the witnesses appearing in the depositions and in the transcripts of the previous trial could be prepared in half an hour.