[Civ. No. 52070. Second Dist., Div. One. Dec. 14, 1978.]

CLIFTON SMITH, Plaintiff and Respondent, v.
CIRCLE P RANCH COMPANY et al.,
Defendants and Appellants.

**COUNSEL**

Tom Halde & Associates, Kristofer Kallman, Lascher & Wilner, Edward L. Lascher and Wendy Cole Wilner for Defendants and Appellants.

Shapiro & Finn, David Sabih, Richard F. Harris and Leonard Sacks for Plaintiff and Respondent.

## Opinion

**HANSON, J.**—Defendants Circle P Ranch Company, Robert Palm and Kenneth Palm (hereinafter collectively referred to as the Circle P defendants) appeal from two post-judgment orders entered against them by the trial court following a jury verdict exonerating them from liability in this action for personal injuries instituted by Clifton Smith. The litigation proceeded to trial against Cal-Tex Livestock Development Corporation, Edwin Cox, Jr., and Kenneth Eng, Jr. (hereinafter referred to collectively as the Cal-Tex defendants), and the Circle P defendants. Following trial the court on motion by plaintiff-respondent entered its orders (1) striking the cost memorandum presented by the Circle P defendants and (2) imposing as sanctions against the Circle P defendants the costs incurred by plaintiff-respondent in proving the existence of certain facts which had been denied by the Circle P defendants in their responses to pretrial requests for admissions. The Circle P defendants appeal, none of the Cal-Tex defendants are parties to this appeal.

### Facts

This case was appealed on a settled statement of facts. From the documents and settled statement on appeal it appears that the brothers Kenneth and Robert Palm, together with Kenneth Eng, Jr., and Edwin Cox, Jr., were at the time of this litigation owners of the land known as the Carrizo Ranch, the property upon which Clifton Smith was injured. The Carrizo Ranch was leased and operated by Cal-Tex, a corporation owned by the same individuals. The Palm brothers were also equal owners in Circle P, which appears to constitute a holding company for their interest in Carrizo Ranch.

In the granary at Carrizo Ranch an auger was installed which was used to grind and move grain into a grain elevator and then into a waiting truck. On September 3, 1975, while Clifton Smith was at the Carrizo Ranch for the purpose of hauling grain and barley from the premises, the auger became plugged. Smith testified that, in order to assist the foreman, Keith Milburn, in unplugging the auger, he offered to go into the granary to stem the flow of the grain inside the auger. While walking inside the granary, Smith slipped and fell inside the auger. As a result, his right leg was chewed up and amputated by the auger.

Smith filed an action for damages against the six defendants on October 25, 1975. After extensive discovery proceedings, the case came to

trial on 'Smith's first amended complaint on January 17, 1977. On February 25, 1977, the jury returned a general verdict in favor of plaintiff against Cal-Tex and a special verdict finding, inter alia, that Circle P and the Palm brothers were not negligent.

Following judgment, on March 25, 1977, a hearing was held on plaintiff Smith's motions to compel the various defendants to pay his attorney's fees and expenses for proof of facts and to strike the memoranda of costs filed by the various defendants in the case. By its order of March 25, 1977, the trial court granted Smith's motion for payment of expenses for proof of facts as to the Circle P defendants. The court found the reasonable cost of Smith's expenses, including reasonable attorney's fees and investigation fees incurred in proving the genuineness of certain photographs and truth of certain matters of fact sought to be established in requests for admissions which were wrongfully denied, to be the sum of $30,500. In addition, the trial court granted Smith's motion to strike the memorandum of costs filed by the Circle P defendants. It is from these orders that the Circle P defendants appeal.

## Issues

The Circle P defendants contend on appeal: (1) That the trial court lacked the power to withhold costs from prevailing defendants; and (2) that the trial court erred in imposing sanctions, or alternatively, that even if sanctions were appropriate, there is no support in the record for the amount imposed by the trial court.

## Discussion

### I

The Circle P defendants, appellants herein, contend that the trial court erred in striking their cost bill. In support of this contention, the Circle P defendants rely upon Code of Civil Procedure section 1032, subdivision (b), which provides that in an action for the recovery of money or damages: "[C]osts are allowed of course: . . . To the defendant upon a judgment in his favor . . . [and] when there are several defendants in any action . . . not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court *must* award costs to such of the defendants as have judgment in their favor." (Italics added.) The Circle P defendants point out that the single party against which Smith prevailed, Cal-Tex, was represented by

separate counsel who filed a separate answer and that, therefore, section 1032, subdivision (b), is applicable and the allowance of costs to the Circle P defendants is mandatory.

Plaintiff-respondent Smith argues, by contrast, that Code of Civil Procedure section 1032, subdivision (b), is not applicable in this case since the jury's finding of liability on the part of Cal-Tex "must necessarily include the two owners of the land, Robert Palm and Kenneth Palm [*sic*] who are also the two owners and alter ego of defendant Cal-Tex." Plaintiff-respondent Smith's contention that Robert Palm is liable for negligence and that the Palm brothers may be liable for the negligence of Cal-Tex either as the lessors of the property, as joint venturers in the operation of the ranch, or on the alter ego doctrine was recently considered by this court in the case of Smith v. Circle P Ranch Company, Inc. (Nov. 21, 1978) 2 Civ. 51541 (unpub. opn.). In that case it was determined that Robert Palm was individually liable for negligence as a matter of law and that the motion of Clifton Smith for a judgment notwithstanding the verdict should have been granted by the trial court as to Robert Palm. Since the legal basis for this conclusion is set forth in full therein, we need not further consider the matter except to note that our decision nullifies the argument of the Circle P defendants as to the applicability of Code of Civil Procedure section 1032, subdivision (b).

Section 1032, subdivision (b), establishes two requirements which must be met to determine which defendants are entitled to mandatory recovery of an award of costs in those cases where there are several defendants and plaintiff fails to recover judgment against all. Those requirements are: (1) Defendants must not be united in interest; *and* (2) defendants must make separate defenses by separate answers. Since Robert Palm and the other Circle P defendants were represented by the same counsel and filed a single joint answer, our determination that Robert Palm was negligent as a matter of law precludes the second statutory requirement from being met. Since one requirement is not fulfilled as a result of modification of the judgment on appeal, section 1032, subdivision (b), is not applicable and the recovery of costs by the Circle P defendants is not mandatory.

■ In those instances in which several defendants are united in interest and/or join in making the same defenses in the same answer, the allowance or disallowance of an award to prevailing defendants lies within the sound discretion of the trial court. (*Kramer* v. *Ferguson* (1964) 230 Cal.App.2d 237, 249 [41 Cal.Rptr. 61].) Since the record discloses no abuse of discretion on the part of the trial court, we affirm the order striking the costs as to the Circle P defendants.

## II

██ The Circle P defendants further contend that the trial court abused its discretion by imposing sanctions against them for bad faith failure to admit the genuineness of certain photographs introduced at trial and the truth of certain matters of fact which were propounded by plaintiff-respondent's pretrial requests for admissions.

██ It is well established that although the principal aim of discovery procedures in general is to assist counsel to prepare for trial, requests for admissions are conceived for the purpose of setting to rest triable issues in the interest of expediting the trial. (*Cembrook* v. *Superior Court* (1961) 56 Cal.2d 423, 429 [15 Cal.Rptr. 127, 364 P.2d 303].) Therefore, a party may request from the opposing party the truth of any facts or the genuineness of any documents that is relevant to the subject matter of the action or reasonably calculated to lead to admissible evidence. (*Cembrook* v. *Sterling Drug Inc.* (1964) 231 Cal.App.2d 52, 62 [41 Cal.Rptr. 492]; *Cembrook* v. *Superior Court, supra,* 56 Cal.2d 423, 429.) Furthermore, since requests for admissions are not limited to matters within personal knowledge of the responding party, that party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge. (*Lindgren* v. *Superior Court* (1965) 237 Cal.App.2d 743, 746 [47 Cal.Rptr. 298, 20 A.L.R.3d 748]; *Chodos* v. *Superior Court* (1963) 215 Cal.App.2d 318, 323 [30 Cal.Rptr. 303].)

██ Where certain facts exist which the responding party does not intend to contest at trial, the proper time to admit and permit those facts to be established is during pretrial discovery. (*Burke* v. *Superior Court* (1969) 71 Cal.2d 276, 282 [78 Cal.Rptr. 481, 455 P.2d 409]; *Cembrook* v. *Superior Court, supra,* 56 Cal.2d 423, 429.) In the event, however, that the defendant denies a request for admission submitted by the plaintiff, he cannot be forced to admit the fact prior to trial despite its obvious truth. (*Holguin* v. *Superior Court* (1972) 22 Cal.App.3d 812, 820 [99 Cal.Rptr. 653].) Code of Civil Procedure section 2034, subdivision (c), provides: "If a party, after being served with a request under Section 2033 of this code to admit the genuineness of any documents or the truth of any matters of fact, *serves a sworn denial thereof* and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, he may apply to the court in the same action for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. If the court finds that there were no good reasons for the denial and

that the admissions sought were of substantial importance, the order shall be made." (Italics added.)

It was under Code of Civil Procedure section 2034, subdivision (c), that Mr. Smith moved for, and the trial court imposed, sanctions against the Circle P defendants. Clifton Smith's motion for sanctions was based upon his allegation that the defendants inadequately responded to some 35 requests for admissions which were propounded to all parties on May 12, 1976, September 20, 1976, and November 4, 1976. The Circle P defendants base their contention that the trial court erred in imposing sanctions on them upon the following factors: (1) They were prevailing parties; (2) certain of those responses upon which Mr. Smith based his motion were not "denials" for which sanctions are authorized (Code Civ. Proc., § 2034, subd. (c)); and (3) the trial court refused to identify those specific responses upon which its order was based in contravention of the requirement for findings (Code Civ. Proc., § 2034, subd. (c)).

The Circle P defendants contend, without citing legal authority, that it is improper for the court to impose on a party who prevails at trial sanctions for his failure to admit during pretrial discovery certain contested issues of fact later found to be false. They base this claim on the fact the case was ultimately decided in their favor by the jury. In a case such as the one at bench, where the jury made only the general finding that the Circle P defendants were not negligent, such a rule would preclude plaintiff from thereafter making any showing that sanctions were justified for wrongful denials during pretrial discovery. Such a general finding by the jury does not, however, establish that defendants were justified in their pretrial denials of specific facts later proved true. Nor does it constitute a determination that plaintiff failed to prove all facts to which defendants' denials were relevant.

To succeed at trial under a negligence cause of action plaintiff must establish by a preponderance of the evidence the truth of those allegations in his complaint which are placed in issue (*Polk* v. *Polk* (1964) 228 Cal.App.2d 763, 787 [39 Cal.Rptr. 824]). It is clear that plaintiff's burden of proof that defendants were negligent in the present case was not coextensive with the showing required by plaintiff in seeking imposition of sanctions for denial of specific facts by defendants on pretrial requests for admissions. It is mandatory that the court impose sanctions against either party when the other party makes application showing that (a) any fact of substantial importance was denied by his opponent and (b) such denial was without good cause. (Code Civ. Proc.,

§ 2034, subd. (c).) One need not be a prevailing party to be entitled to sanctions under this statute.

The Circle P defendants argue further that many of the so-called "denials" upon which Mr. Smith's motion for sanctions was based were not express denials but were instead framed as (a) responding party "lacks information and belief sufficient to admit or deny the request" or (b) responding party "cannot truthfully admit or deny this request."

The Circle P defendants entered *explicit denials* to most of the requests for admissions upon which plaintiff based his motion for sanctions. As to a few items in issue the Circle P defendants responded that they lacked sufficient information and belief. As a result of plaintiff's motion, the court issued its order to compel further answers and defendants changed these responses to "As framed, denied." Each of the foregoing responses qualifies as a sworn denial. (See, e.g., *Hillman* v. *Stults* (1968) 263 Cal.App.2d 848, 882-884 [70 Cal.Rptr. 295]; *Allen* v. *Pitchess* (1973) 36 Cal.App.3d 321, 332 [111 Cal.Rptr. 658].)[1]

The *Allen* court in affirming sanctions relied upon the following factors: (1) The facts denied by appellant were of substantial importance; (2) the denial of those facts was without good reason; and (3) the statement of lack of information was false. (*Id.,* at p. 332.)

Therefore, where it becomes clear from evidence introduced by either party at trial that the party who denied for lack of information or belief had access to the information at the time requests for admissions were propounded, sanctions are justified because that party has a duty to investigate (*Lindgren* v. *Superior Court, supra,* 237 Cal.App.2d 743, 746; *Chodos* v. *Superior Court, supra,* 215 Cal.App.2d 318, 323). In the absence of investigation it becomes apparent the denial is without good reason and/or that the statement as to lack of information was false, and where the denied fact is of substantial importance, the criteria established by the *Allen* case are satisfied. In the present case it is clear from documentary evidence in the record that the Circle P defendants had access to statements made by employees, and had personal knowledge relative to

---

[1]The court in *Allen* declares: "[Appellant's] response to the request for admissions states that the denial is made because appellant lacks information or belief of the fact which respondents sought to have it admit. Evidence established that the statement of lack of information was false. Appellant's conduct in improperly resisting discovery conducted by respondents with respect to the denied facts and its false response to interrogatories . . . are further evidence that appellant was acting not for 'good reason' but in bad faith. [Citation.] . . ." (*Allen* v. *Pitchess, supra,* 36 Cal.App.3d 321, 332.)

the condition of the premises, matters of fact of substantial importance incorporated in the requests for admissions which were subsequently proved by plaintiff at trial. Accordingly, sanctions were justified under the *Allen* criteria.

■ The Circle P defendants made other responses to plaintiff's requests for admissions in the form of "cannot truthfully admit or deny." Sanctions would not be justified for such responses. Plaintiff framed two requests for admissions which he repeated a number of times inserting a different date in the same question each time in an attempt to establish that period out of a sequence of time frames when the bars became missing or when the defendants failed to repair them. These two questions were as follows: (1) That in (month and year) there were missing bars from the grillwork covering the auger where the accident occurred, and (2) that in (month and year) defendants did not repair or replace the bars of the grillwork covering the auger where the accident of September 3, 1975, occurred. The Circle P defendants responded by admitting as to the month of September 1975 but answering that they could not truthfully admit or deny as to the respective requests representing specific dates from December 1974 through August 1975 inclusive.

Upon plaintiff's motion to compel further answers the Circle P defendants elaborated and responded to question 1 as follows: "Admit that at times prior to September 3, 1975, there were on occasion bars damaged or missing from the grillwork covering the auger in the north granary. Answering defendant cannot truthfully admit or deny that any bars were missing in the month and year indicated in this request, as defendant has no memory, information or belief upon which to base such a response." The Circle P defendants responded to question 2 as follows: "Answering defendant cannot truthfully admit or deny this request. Defendants repaired or replaced missing or damaged bars in the grillwork as required, however, answering defendant has no records, knowledge, information or belief as to whether repairs were required or performed during the period referred to in this request." Plaintiff Smith claims that each of the requested admissions in these two sets was true and that the Circle P defendants offered no evidence to refute the truth of these statements. Therefore, he argues, sanctions were justified for these responses.

The issue of whether a party is entitled to sanctions on the basis of a response that he cannot truthfully admit or deny has rarely arisen,

presumably because the California statute is unclear in this regard. A similar ambiguity which formerly appeared in the federal rules has been corrected because it became apparent that it reduced the use of sanctions. The statutory dilemma continues in California. "Sanctions under section 2034(c) have rarely been requested or applied. One reason is the existence of gaps in the statute itself, and another is the effect of conservative application of the statute. The result is that section 2034(c) does not constitute impetus to encourage the use of requests for admissions. . . . [¶] Federal Rule of Civil Procedure 37(c) formerly suffered from the same disuse as section 2034(c), but it was broadened to remedy this problem. The amendment ended a major source of confusion by expanding the concept of sworn denial to include responses of inability to deny or admit, thus eliminating one means of avoiding the statute's effect. [¶] In contrast, California allows a person to state that he is unable to admit or deny a specific request for admission. Such a statement is not treated as a sworn denial under section 2034(c), and it therefore circumvents discovery sanctions, although it may be as unwarranted as a flat denial. . . ." (Tonegato, *The Decline and Fall of Sanctions in California Discovery: Time to Modernize California Code of Civil Procedure Section 2034* (1974) 9 U.S.F. L.Rev. 360, 373-374, fns. omitted.) This ambiguity permits defendants in cases such as the one at bench to make a response which is in effect a denial but is a successful strategy for evading the consequences of a sworn denial. Under the circumstances, the trial court's award of discovery sanctions as to these responses was inappropriate.

Finally it is contended by the Circle P defendants that the trial court failed to make findings required by section 2034, subdivision (c), to support an award of sanctions based on allegedly wrongful denials. In essence they argue that the trial court's order is inadequate because it is merely conclusionary in nature.

Plaintiff-respondent's motion for $61,000 in sanctions was directed against all defendants. The trial court entered its order granting the motion as to the Circle P defendants only and awarding the gross amount of $30,500 on the basis that the genuineness of certain photographs and truth of matters of fact were "wrongfully denied."[2] No further explicit

---

[2] We quote from the March 25, 1977, order of the trial court denying plaintiff's motion for a new trial and granting his motion for sanctions under Code of Civil Procedure section 2034, subdivision (c), as follows:

"Plaintiff's Motion for Order Requiring Defendants and each of them for payment of expenses of Proof of Facts Necessary to this Litigation (CCP 2034(c)) is DENIED as to

written findings appear relative to this issue. However, the partial reporter's transcript incorporates a colloquy in which the court advised counsel that counsel for the Circle P defendants improperly objected to lack of a foundation for plaintiff's introduction of photographs taken by agents of those defendants. In addition, although the responses to requests for admissions made by both groups of defendants were similar, the trial court found that counsel for the Cal-Tex defendants was not guilty of bad faith but inferred bad faith from the conduct of the Circle P defendants and/or their counsel.[3]

We have been referred to no California authority clearly establishing the nature and extent of findings that the trial court may be required to make to support imposition of sanctions under section 2034, subdivision (c). It has, however, been held with respect to similar wording which appears in section 2034, subdivision (a), with respect to an award of attorney's fees or costs, that the trial court must support its order with a finding that the refusal to answer questions was without substantial justification. (*Bunnell* v. *Superior Court* (1967) 254 Cal.App.2d 720, 724 [62 Cal.Rptr. 458]; *Pember* v. *Superior Court* (1967) 66 Cal.2d 601, 604 [58 Cal.Rptr. 567, 427 P.2d 167].)

We conclude that section 2034, subdivision (c), conditions the imposition of sanctions upon a determination by the trial court that the basic statutory requirements for so doing are satisfied. Although section 2034, subdivision (c), does not require the trial court to make written findings disclosing its reasons, there are instances when, in the interest of availing the aggrieved party of a meaningful appellate review, express findings supporting the order imposing sanctions are desirable. (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 797 [149 Cal.Rptr. 499]; *Greyhound Corp.* v.

---

defendants Cal Tex Livestock and Development Corporation; Edwin L. Cox, Jr., and Kenneth S. Eng, Jr. The motion is GRANTED as to defendants Circle P Ranch Co., Inc.; Robert Palm and Kenneth Palm. The Court finds that the reasonable cost of expenses, including reasonable attorneys fees and investigative fees incurred in proving the genuiness [*sic*] of certain photographs and truth of matters of fact sought to be established in requests for admissions which were wrongfully denied is the sum of $30,500.00."

The minute orders do not enlighten us further as to the court's reasoning, which was not articulated for the record.

[3]The reporter's transcript contains the following:

"And I think that's why you have this code section, and I really don't think in reviewing the whole thing, in reviewing each one of these individually, I really don't think that Mr. Coffee was guilty of unfairly answering the admissions or the interrogatories, but I think in some instances, maybe Circle P and Kenneth Palm and Robert Palm were.

"And I also have another problem with the case. I did throughout the case. And that is that I felt there was a great conflict of interest in Mr. Halde's firm representing Kenneth and Robert Palm, and Circle P. I just felt there was a direct conflict of interest. I guess the results of the case speak differently. I don't see how you could represent those people—"

*Superior Court* (1961) 56 Cal.2d 355, 384 [15 Cal.Rptr. 90, 364 P.2d 266].)
This is especially true in the present case where the Circle P defendants,
as another aspect of their argument, attack the dollar amount of the
award on grounds of its apparently arbitrary nature.

The trial court's order imposing sanctions does not reveal either the
basis for the court's conclusions that the requirements for mandatory
imposition of sanctions were fulfilled or the basis of the court's
computations of the cost to plaintiff attributable to the wrongful denials
by the Circle P defendants. Plaintiff Smith moved for an award of $61,000
in expenses and counsel fees from all defendants; he was awarded
$30,500 from the Circle P defendants only. From the record which has
been presented to this court, consisting of a small excerpt of reporter's
transcript together with a settled statement, this court is unable to
determine the reasonableness of the trial court's order.

The amount which may properly be assessed as sanctions is limited to
those fees and expenses related to a particular abuse of discovery; no
assessment may be made for expenses unrelated to the specific grounds of
the motion before the court. (*Welgoss* v. *End* (1967) 252 Cal.App.2d 982,
991-992 [61 Cal.Rptr. 52].) Under section 2034, subdivision (c), the
moving party is entitled to recover reasonable expenses, including
attorney's fees, incurred in proving the truth of certain matters of fact
and/or the genuineness of certain photographs which were deemed to be
of substantial importance and which defendants denied without good
reason.[4]

There is no sufficient showing by plaintiff-appellant of that proportion
of the amount of expenses and attorney's fees requested which was
attributable to the various matters of proof or whether the sum requested
represented the reasonable costs of making proofs. The trial court is
bound to make a determination as to the reasonableness of the amounts
of claimed expenses, including the time and value of the attorney's
services.

---

[4] Although the means by which the trial court arrived at the $30,500 award are not set
forth in the record before this court, the reasonable inference from the circumstances is
that the court, having granted plaintiff's motion as to the Circle P defendants but not as to
the Cal-Tex defendants, simply divided the amount requested by prayer in half. This
would not be a proper method of determining the award since the amount of the
sanctions must bear a reasonable relationship to the costs incurred in proving matters
wrongfully denied.

Accordingly, although it appears that plaintiff Smith was entitled to sanctions for some sworn denials by the Circle P defendants on the basis of the trial court's determination that they wrongfully denied certain requests for admissions and failed to admit the genuineness of certain photographs, which were relevant to facts of substantial importance, there is an insufficient record to show that the dollar amount awarded was reasonably related to proofs necessitated by this misconduct.

## DISPOSITION

The order striking the cost memorandum of the Circle P defendants is affirmed. The order imposing sanctions is reversed and the case is remanded with instructions for the trial court to further consider and determine those responses for which sanctions are mandatory and to further permit the trial court to reconsider the evidence or take further evidence on the issue of the expenses and attorney's fees necessarily incurred by plaintiff Smith and reasonably related to proving matters wrongfully denied. Each party to bear its or his own costs on appeal.

Lillie, Acting P. J., and Thompson, J., concurred.

A petition for a rehearing was denied January 2, 1979, and appellants' petition for a hearing by the Supreme Court was denied February 28, 1979. Clark, J., did not participate therein.