Filed 7/23/19 (unmodified opinion attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| AARON SAMSKY, | B293885 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS175182) |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING [NO CHANGE IN JUDGMENT] |
| Defendant and Respondent. | |

THE COURT:

Good cause appearing, the opinion in the above entitled matter, filed on June 26, 2019, Certified for Publication, is hereby modified as follows:

On page 11, the last paragraph with the words "Jensen's out-of-court statement." Strike the first two sentences of the paragraph, beginning with the word "Jensen's" through the word "arbitration."

On page 12, after the end of the partial paragraph and before heading 2. Insert the following paragraph:

Respondent has also failed to show that its reliance on Jensen's recorded statement was reasonable. When a party denies an RFA, "[t]he question is not whether a reasonable litigant would have denied the RFAs. Nor is the question simply whether the litigant had some minimum quantum of evidence to support its denial (i.e., 'probable cause'). The "relevant question is whether the litigant had a reasonable, good faith belief he or she would *prevail* on the issue at trial. [Citations.]" (*Orange County Water Dist. v. The Arnold Engineering Co.* (2018) 31 Cal.App.5th 96, 119.*)* "Consideration of this question requires not only an assessment of the substantiality of the evidence for and against the issue known or available to the party, but also the credibility of that evidence, the likelihood that it would be admissible at trial and persuasive to the trier of fact, the relationship of the issue to other issues anticipated to be part of trial (including the issue's importance), the party's efforts to investigate the issue and obtain further evidence, and the overall state of discovery at the time of the denials and thereafter." (*Ibid*.) State Farm makes no attempt to address these factors, or to explain why it was reasonable to believe the arbitrator would consider or be persuaded by an equivocal and confusing recorded account of the accident provided by a person who had an interest in minimizing her own liability for the accident, and which Samsky had no ability to challenge or even clarify. It is unsurprising the arbitrator excluded the recorded statement.

2

The petition for rehearing is denied.
[There is no change in the judgment.]

_____

BIGELOW, P. J.  GRIMES, J.  STRATTON, J.

Filed 6/26/19 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| AARON SAMSKY, | B293885 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS175182) |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge. Reversed and remanded.

Phillips, Erlewine, Given & Carlin, Nicholas A. Carlin, David M. Given and Brian S. Conlon for Plaintiff and Appellant.

Farmer Case & Fedor, John T. Farmer and Raquel E. Howard for Defendant and Respondent.

This appeal challenges the superior court's denial of appellant's motion for costs of proof after respondent denied eight of his requests for admission (RFAs).  Appellant Aaron Samsky prevailed at the arbitration of the parties' dispute, and then moved for an award of costs of proving matters State Farm Mutual Automobile Insurance Company (State Farm) denied in the RFAs.  Pursuant to Code of Civil Procedure section 2033.420, subdivisions (a) and (b),[1] the trial court denied the motion, incorrectly placing on appellant the burden to prove that none of the exceptions to an award of costs as set out in subdivision (b) applied.  State Farm should have carried the burden of proof and it failed to do so. We reverse and remand the matter to the trial court to determine appellant's reasonable costs of proof.

BACKGROUND

On July 27, 2015, appellant's vehicle was hit from behind by a potentially underinsured driver; the accident was part of a multi-vehicle collision.  On September 10, 2015, appellant's vehicle was hit from behind again by a potentially underinsured driver.  Appellant claimed he suffered a concussion, traumatic brain injury, and ulnar nerve injury to his wrist in the July accident and lower back injuries in the September accident.  Appellant settled with the drivers for their policy limits of $15,000.  He then made claims against his own insurer, respondent State Farm, under his Underinsured Motorist policy for additional damages caused by each of the two accidents.

The parties agreed to combine the two sets of claims into a single arbitration.  Close to the arbitration, appellant propounded

---

[1]     Further undesignated statutory references are to the Code of Civil Procedure.

2

eight RFAs concerning the July accident, two concerning his lack of negligence in causing the accident and six concerning the brain and wrist injuries he claimed were sustained in that accident. State Farm denied all eight RFAs.

Shortly before the arbitration began, State Farm agreed to pay appellant's claims for the September accident. Thus, the arbitration involved only the claims for the July accident. The arbitration extended over three days. The arbitrator found there was no evidence appellant "was in any way responsible for the accident of July 27, 2015, and the issue of liability is decided in his favor." The arbitrator awarded appellant special damages for all of his medical bills and lost earnings for the period between the July and September accident, and also awarded general damages. The arbitrator noted some of appellant's treatment for injuries sustained in the July accident took place after the September accident, and those costs were included in the general damages due to the difficulty of accurately apportioning the medical bills.

Pursuant to section 2033.420, appellant moved for costs of proving the truth of the matters in the eight RFAs which State Farm had denied. At State Farm's urging, the arbitrator declined to consider appellant's motion, and the matter was decided by the trial court which confirmed the arbitration award. Nevertheless, the trial court denied appellant's motion for costs of proof. This appeal followed.

DISCUSSION

Section 2033.420 provides:

"(a) If a party fails to admit the genuineness of any document or the truth of any matter when requested to do so under this chapter, and if the party requesting that admission

3

thereafter proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

"(b) The court shall make this order unless it finds any of the following:  [¶]  (1) An objection to the request was sustained or a response to it was waived under Section 2033.290.  [¶]  (2) The admission sought was of no substantial importance.  [¶]  (3) The party failing to make the admission had reasonable ground to believe that that party would prevail on the matter.  [¶]  (4) There was other good reason for the failure to admit."

"Courts have uniformly reviewed orders granting or denying cost of proof awards for abuse of discretion.  [Citations.]" (*Orange County Water Dist. v. The Arnold Engineering Co.* (2018) 31 Cal.App.5th 96, 118.)  However, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review.  The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712, fns. omitted.)

*A.  The Trial Court Did Not Abuse Its Discretion In Impliedly Finding Appellant Had Proven The Truth Of The Matters In His RFAs.*

The trial court began its ruling by stating that the "primary issues to be decided . . . is whether or not Respondent, as a party failing to make admissions when asked to do so, had, at the time of that refusal to admit, a 'reasonable ground to believe [it] would prevail on the matter' and/or that, 'there was other good cause for

4

the failure to admit.' " These issues represent exceptions to the cost of proof statute found in section 2033.420, subdivision (b), which only applies once the moving party has satisfied the requirements of subdivision (a). Thus, by defining the issues to be decided as those exceptions listed in subdivision (b), the trial court made an implied finding that appellant had proven the truth of the matters in his RFAs. There is substantial evidence to support this finding in the arbitrator's award.

1. *There is substantial evidence appellant proved he was not negligent.*

State Farm denied the following two RFAs: (1) "Admit that [appellant] was not negligent in connection with [the July incident]," and (2) "Admit that [appellant's] negligence was not a substantial factor in causing [the July incident]."

The arbitrator found: "There is no evidence to suggest that [appellant] was in any way responsible for the accident of July 27, 2015, and the issue of liability is decided in his favor." The arbitrator's finding is substantial evidence that appellant was not negligent in causing the July accident.

2. *There is substantial evidence appellant proved he initially suffered the claimed injuries in the July accident.*

State Farm denied the following six RFAs concerning appellant's injuries:

> (1) "Admit that [appellant] suffered a concussion as a result of [the July incident];"
> (2) "Admit that [the July incident] was a substantial factor in causing [appellant's] concussion;"
> (3) "Admit that [appellant] suffered a traumatic brain injury as a result of [the July incident];"
> (4) "Admit that [the July incident] was a substantial factor in causing [appellant's] traumatic brain injury;"

5

(5) "Admit that [appellant] suffered from an ulnar neuropraxis as a result of [the July incident]," and

(6) "Admit that [the July incident] was a substantial factor in causing [appellant's] ulnar neuropraxis."

The arbitrator did not expressly find appellant suffered a concussion, traumatic brain injury or ulnar neuropraxis as a result of the July accident. Nevertheless, the arbitrator's statements and damages award taken as a whole demonstrate the arbitrator impliedly made such a finding.

As the arbitrator noted, appellant claimed that he suffered injuries to his left hand and arm and mild traumatic brain injury in the July accident, and his experts testified he needed surgery to correct an "ulnar" injury. The arbitrator then found appellant "was involved in a second accident on September 10, 2015, which exacerbated the injuries sustained in the earlier [July] accident and caused a lower-back injury." The arbitrator also found "some of [appellant's] treatment after the 9/10/15 accident was partially due to injuries sustained in the 7/27/15 accident." In addition, the arbitrator found appellant was involved in some accidents prior to the July accident but there was no evidence those accidents "contributed in any manner to his medical complaints" after the July incident. Taken together, these findings establish appellant suffered the injuries claimed from the July accident.

The arbitrator also found "[t]he testimony of [State Farm's] doctors that two injuries came about at the same time as the accident but were related to sleep apnea and repetitive use of the wrist is not believable. That is too much in the realm of coincidence." Although the arbitrator also expressed some doubts about appellant's experts, the arbitrator found only that "it is not totally believable that [appellant's] doctors lay most of his

6

injuries off of the 7/27/15 accident" after the September accident claim had been settled.  At the same time, the arbitrator did find that some of appellant's medical costs incurred after the September accident were attributable to the July accident.  Moreover, the arbitrator awarded appellant all of his medical expenses for the concussion and ulnar injury.  Taken as a whole, these findings reinforce the arbitrator's earlier finding that appellant suffered the injuries claimed from the July accident, and those injuries were exacerbated by the September accident.

*B.  The Trial Court Erred In Placing The Burden Of Proof Or Persuasion On Appellant To Show The Non-existence Of Exceptions.*

Although the trial court correctly found appellant had proven the truth of the matters asserted in its RFAs, and thus satisfied the requirements of section 2033.420, subdivision (a), the trial court imposed an additional burden on appellant to recover costs.  The trial court stated:  "Unfortunately, even though these are the key issues to be addressed, to wit, an evaluation of whether or not there was a 'reasonable ground' or 'other good cause' existing at the time, neither side has chosen to directly address them or to deal with the proper time frame."  The court then explained its "view" that appellant "had the 'burden of proof' or, perhaps more accurately, of 'persuasion' in connection with this motion, but even if he did not, given that [appellant] has failed to properly address the only salient issues."

The two issues described by the court are taken from section 2033.420, subdivision (b); the plain language of the section as a whole shows that the circumstances listed in subdivision (b) are exceptions to the rule of subdivision (a).  The last sentence of subdivision (a) states the party requesting the admission may move the court for an order awarding cost of

7

proof. Subdivision (b) states "The court shall make this order [awarding costs] unless it finds any of the following" specified circumstances exist. Thus the circumstances listed in subdivision (b) are exceptions to the rule that a moving party is entitled to costs of proof, and the trial court erred in placing the burden of proof or persuasion on appellant to show that such exceptions did not apply.

It is well established in California that "the party seeking to benefit from an exception to a general statute bears the burden to establish the exception." (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 24–25 [considering commercial speech exemption to anti-SLAPP statute.].) State Farm sought to benefit from the exceptions listed in section 2033.420, subdivision (b), and thus it had the burden of establishing the applicability of the exceptions listed therein.

Although there is no case law expressly applying this general rule to section 2033.420, the Fifth District Court of Appeal has impliedly found that the burden of justifying denial of RFAs falls on the responding party. (See *Garcia v. Hyster Co.* (1994) 28 Cal.App.4th 724, 735.) More recently, the Fourth District Court of Appeal placed the burden of showing "reasonable grounds" on the party seeking to avoid paying costs, stating without elaboration that the party denying an RFA "is not responsible for [the propounding party's] costs if it shows it 'had reasonable ground to believe [it] would prevail on the matter.' " (*Orange County Water Dist. v. The Arnold Engineering Co.*, *supra*, 31 Cal.App.5th at p. 120.)

In addition, a well-respected and widely used practice guide advises that the party seeking to avoid paying costs under section 2033.420 has the burden of proving the exceptions listed in

8

subdivision (b).  (Edmon & Karnow, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) ¶ 8:1408.)  While this guide is not binding authority on any court, it can be a persuasive and helpful source in the absence of case law on a topic.  (See California Rules of Court, rule 3.1113(b).)  Certainly, as a practical matter, the denying party is in the best position to explain the reasons for its denial.

Respondent's reliance on appeal on *Smith v. Circle P Ranch Co.* (1978) 87 Cal.App.3d 267 (*Smith*) to show appellant had the burden of proof for section 2033.420, subdivision (b) is misplaced.[2] *Smith* considered former section 2034, subdivision (c), a much earlier version of section 2033.420, subdivisions (a) and (b). Former section 2034, subdivision (c), provided:  " 'If a party, after being served with a request under Section 2033 of this code to admit the genuineness of any documents or the truth of any matters of fact, *serves a sworn denial thereof* and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, he may apply to the court in the same action for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees.  *If the court finds that there were no good reasons for the denial and that the admissions sought were of substantial importance, the order shall be made.*' "  (*Smith*, *supra*, at pp. 273–274, second italics added.)  Thus, under this version of the statute, a showing of "no good reasons" for denial was a prerequisite for recovery of costs.

---

[2]    Respondent did not cite to or rely on *Smith* in its opposition in the trial court.

Former section 2034, subdivision (c) was substantially altered by the California Civil Discovery Act of 1986. Section 2034, subdivision (b), was replaced by former section 2033, subdivision (o), which provided "the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. *The court shall make this order unless it finds* that (1) an objection to the request was sustained or a response to it was waived under subdivision (*l*), (2) the admission sought was of no substantial importance, (3) the party failing to make the admission had reasonable ground to believe that that party would prevail on the matter, or (4) there was other good reason for the failure to admit." (Former § 2033, subd. (o), italics added.)[3] This new subdivision made "reasonable ground[s]" or "other good reason[s]" for denial exceptions to the rule that costs should be awarded. Section 2033, subdivision (o) is virtually identical to section 2033.420, subdivisions (a) and (b). The reasoning of *Smith* is not helpful in understanding these more recent versions of the statutory provision authorizing costs of proof of RFA denials.

*C. The Trial Court Did Not Abuse Its Discretion In Finding Respondent Failed To Show The Existence Of Any Exception Under Section 2033.420, Subdivision (b).*

Although the trial court erred in denying appellant's motion on the ground appellant failed to prove the non-existence of an exception under section 2033.420, subdivision (b), the court

---

[3]     Added by Statutes. 1986, chapter 1334, section 2, operative July 1, 1987; Repealed by Statutes 2004, chapter 182, section 22, operative July 1, 2005

10

also stated its expectation that State Farm would offer proof on this topic. The court found that "Respondent should have been filing opposition papers along the same lines [as appellant] showing what facts it did or did not have when it filed its responses and what 'reasonable grounds' it had for its failures to admit, accompanied by its arguments as to whether the court should alternatively find that there is 'other good reason for the failure to admit.' " The court found that State Farm did not do so. There is substantial evidence to support this finding.

1. *There is substantial evidence State Farm failed to prove it had reasonable grounds to deny appellant's request to admit he was not negligent.*

State Farm contends it proved it had reasonable grounds to deny the RFAs related to the issue of comparative negligence. State Farm points to undisputed evidence that it paid appellant for damage to the front of his car after the July accident. State Farm contends appellant failed to admit that he rear-ended the car in front of him before he was himself rear-ended and pushed into that car, a situation which could show he was negligent. State Farm also contends the driver of the car in front of appellant, Ms. Jensen, made a statement which suggested that appellant hit her twice, reinforcing State Farm's view that appellant rear-ended Jensen before he was himself rear-ended and pushed into her car. State Farm's counsel tried but was unable to locate Jensen and so could not present her as a witness at the arbitration.

Jensen's out-of-court statement was inadmissible under the hearsay rule. (Evid. Code, § 1200.) For that statement to constitute a good reason to deny the RFAs, State Farm would have needed confirmation of Jensen's availability to testify as a witness at the arbitration. "[RFAs] . . . are primarily aimed at

11

setting at rest a triable issue so that it will not have to be tried. Thus, such requests, in a most definite manner, are aimed at expediting the trial." (*Cembrook v. Superior Court* (1961) 56 Cal.2d 423, 429; see also *Stull v. Sparrow* (2001) 92 Cal.App.4th 860, 864 [instead of "seeking to uncover information, [RFAs] seek to eliminate the need for proof"].) At some point, State Farm's inability to locate Jensen rendered unreasonable its reliance on her as a basis to deny the RFAs. State Farm failed to present any evidence on the state of their efforts to locate Jensen at the time it denied the RFAs on the issue of negligence.[4]

2. *There is substantial evidence respondent failed to prove it had reasonable grounds to deny appellant's requests to admit he suffered the claimed injuries and that they were the result of the July accident.*

On appeal, State Farm contends it had reasonable grounds to deny the RFAs relating to appellant's claimed brain injury based on the expert opinions of Dr. Carpenter, Dr. Woo, and Dr. Regev. State Farm also contends it had reasonable grounds to deny the RFAs relating to the ulnar injury based on the expert opinions of Dr. Gupta, Dr. Woo, and Dr. Regev.

In the trial court, State Farm argued that it was reasonable to deny the injuries based only on looking at the damage to appellant's vehicle (as interpreted by its accident reconstruction expert Singh). State Farm also stated generally that it hired

---

[4] State Farm also argues it chose "not to argue some negligence should be placed on the 'unknown driver who merged into traffic several cars ahead of [Samsky].'" State Farm did not make this argument in the trial court, and it is not clear how such a merger would lay blame for the accident on appellant. Appellant's RFAs concerned appellant's own negligence, and not that of any other specified driver.

three of their own experts to establish that appellant did not suffer the claimed injuries.  As the trial court pointed out, State Farm did not show whether it relied on those expert opinions when it denied the RFAs relating to the injuries, or whether it had received copies of appellant's expert opinion reports.  This omission alone is sufficient to support the trial court's finding that State Farm did not show "what facts it did or did not have when it filed its responses and what 'reasonable grounds' it had for its failure to admit."

We note that the arbitrator found State Farm's medical experts not credible because they claimed that appellant's "two injuries came about at the same time as the accident but were related to sleep apnea and repetitive use of the wrist" and this was "too much in the realm of coincidence, especially when [appellant] never complained of sleep apnea [or] pain in the wrist due to repetitive usage."  Thus, even if State Farm did have its experts' opinions when it denied the RFAs, a question would remain concerning whether reliance on those opinions was reasonable.[5]  State Farm left this question unaddressed in the trial court as well.

---

[5]      State Farm complains the arbitrator did not refer to the testimony of two of its experts, Dr. Carpenter (an "accident reconstructionist and biomechanical expert") and Mr. Singh in the Award.  It contends the testimony of these two experts provided sufficient grounds for State Farm to believe appellant did not suffer a concussion.  As was the case with the medical experts, State Farm did not offer facts showing when it learned of these experts' conclusions in relation to its denial of the RFAs.  Further, there could be many reasons for the arbitrator's silence on these experts, including a conclusion the testimony was not relevant, useful or credible.  This summarized testimony without

13

*D. This Matter Must Be Remanded For A Determination Of Costs.*

State Farm contends we should uphold the trial court's denial of costs under the doctrine of implied findings by holding that the record supports a denial of costs based on "the inability to determine recoverable versus nonrecoverable costs." State Farm maintains appellant's "block billing [made] it impossible to determine what would be related to any one (or multiple) denied issues."

The trial court made clear the basis for its ruling, and there is no reason to believe it also denied the motion on the additional unmentioned ground of problems with cost itemization, particularly since State Farm did not raise this argument in the trial court. There, State Farm argued only that appellant's requested hourly rates were unreasonable. Even on appeal, State Farm makes only a cursory factual argument to support its claim, citing only a "few" examples to justify denial of appellant's entire motion. That is not sufficient.

As we explain in this opinion, appellant proved that he was entitled to costs under section 2033.420, subdivision (a). State Farm failed to prove that any of the exceptions to a cost award applied to it. Accordingly, the matter must be remanded to the trial court to determine appellant's "reasonable expenses incurred in" proving the matters asserted in his RFAs. (§ 2033.420, subd. (a).)

---

more is not sufficient to show reasonable grounds for State Farm's denials of the RFAs.

14

DISPOSITION

The trial court's judgment is reversed, and this matter is remanded for a determination of appellant's reasonable expenses incurred in proving the matters in the RFAs denied by respondent. Appellant to recover costs on appeal.

**CERTIFIED FOR PUBLICATION**


                                        STRATTON, J.


We concur:



        BIGELOW, P. J.



        GRIMES, J.


15