Filed 7/19/21  Figg v. Mann CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DARRICK W. FIGG, | D078585 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 17CV306574) |
| JASPREET SINGH MANN, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Santa Clara County, PAUL BERNAL, Judge.  Affirmed.

Phillips, Erlewine, Given & Carlin, Nicholas A. Carlin, David M. Given, and Brian S. Conlon, for Plaintiff and Appellant.

Tyson & Mendes, James E. Sell, Molly A. Gilardi and Benjamin J. Angulo, for Defendants and Respondents.

Plaintiff Darrick Figg suffered a host of injuries after defendant Jaspreet Singh Mann,[1] traveling about 50 miles per hour, rear-ended Figg's stationary car. Figg prevailed in his lawsuit, and because Mann failed to admit to any of Figg's ongoing injuries prior to the trial, Figg sought to recover his costs of proof in a posttrial motion. His request was summarily denied and he now appeals, claiming the trial court abused its discretion. But we must presume the trial court's order was correct, and it could rationally have concluded there was good reason—one of the statutory grounds for denying costs of proof—for Mann's failure to admit given the litigation history of this case. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

While the details of the underlying case and the medical complications that Figg endured as a result of the accident are extensive, we recite only the facts necessary to understand our resolution of this appeal—which turns primarily on what happened in the discovery phase of the litigation leading up to the trial. By way of an overview, Mann initially failed to procure defense expert examinations of Figg due to his attorney's error. As a result, when Figg served him with multiple Requests for Admission (RFAs), Mann was unprepared to admit or deny anything related to Figg's claimed physical and mental conditions. New defense attorneys substituted into the case toward the close of discovery and they attempted, through various means, to remedy the situation but met staunch opposition from Figg at every attempt. Eventually, they obtained the court's permission to conduct a limited mental

---

[1]     Mann was working at the time of the collision, and his employer, Cognizant Business Services Corporation and Cognizant Technology Solutions U.S. Corporation were also defendants in Figg's lawsuit and respondents in this appeal; we refer to them throughout simply as "Mann."

examination of Figg—but only after they had already responded to the RFAs. We provide this history in more detail below.

Figg brought his suit in 2017, alleging a litany of physical and psychological harms that he was ready to support with the testimony of his treating physicians and expert witnesses. Discovery was in full swing by early 2018, and Mann subpoenaed Figg's medical records throughout the course of several months. In August 2018, Mann's attorneys sent an initial demand for Figg to submit to a medical and/or mental examination with a defense expert under Code of Civil Procedure, section 2032.010 et seq.[2] But the requests were not code compliant, and Figg objected.

Unfortunately, the attorney who drafted the requestseemingly did not understand all of Figg's objections; his subsequent attempts to send amended requests suffered from the same defects. By the time hesent a second amended demand in late September, it was untimely. Trial had initially been set for November and the amended demand came three days late. Figg objected on those grounds, in addition to reiterating his earlier complaints as to the form and substance of the demand.

In the meantime, Figg had been serving RFAs on Mann under section 2033.010; the RFAs at issue in this appeal come from Figg's second and third sets of requests, in which Figg asked Mann to admit that Figg continued to suffer various physical and psychological problems as a result of the car crash. When Mann provided his responses, he gave formulaic objections but also stated that "since responding party has not yet obtained an Independent Medical Examination performed by an appropriate medical expert, and is not a medical expert himself, responding party cannot admit or deny." As to

[2] All further undesignated statutory references are to the Code of Civil Procedure.

3

several of the RFAs, Mann also said that "[a]fter reasonable inquiry concerning the matter of this request, the information known or readily obtainable is insufficient to enable responding party to admit the matter."

Following Mann's response to the second set of RFAs in early August, Figg brought a motion in early October to compel Mann to provide more complete answers. He also requested sanctions. The trial court found that Mann's responses were legally adequate, and according to a sworn statement later submitted by Mann's counsel, the court sanctioned *Figg* for bringing the motion under the circumstances. Mann returned substantially similar responses to the third set of RFAs in mid-October. Fact discovery closed on the same day.

That same month, new defense counsel was substituting into the case and hurriedly attempting to mitigate the mistakes they inherited. Postponing the trial and reopening discovery so that their experts, Drs. Joanna Berg and Peter Cassini, could examine Figg were principal goals. To that end, they requested a trial continuance in early October, but it was opposed by Figg and consequently denied by the court. The trial was later recalendared to February for unrelated reasons.

In November, Mann's attorneys sent a meet and confer letter to Figg in an attempt to resolve the medical examination issue by stipulation. They were stymied again by their unyielding counterparts. Figg then opposed their subsequent request to reopen discovery, which was denied by the court. Finally, in mid-January, Mann's follow up motion to shorten time to reconsider—which Figg again opposed—was partially granted as a motion for relief. The court specified that the defense could conduct *either* a limited mental or physical examination of Figg, but not both. They chose the mental exam, and Figg was finally seen by the defense's neuropsychologist, Dr. Berg.

4

After Figg prevailed at trial with an award of over $1.2 million, he sought his costs of proof under section 2033.420 as to 11 specific injury-related RFAs that Mann failed to admit.  At the hearing on the motion, the trial court listened at length to oral argument from both parties and then indicted it would reread the papers and review caselaw before making its decision.  About a week later, it issued its ruling, denying Figg's costs of proof request with no accompanying statement of decision.

DISCUSSION

The only issue in this appeal is whether the trial court properly denied Figg's motion for costs of proof.  He argues that the denial was an abuse of discretion—a mistake compounded by the court's further failure to memorialize its rationale.  In support of this position, he contends that the award was mandatory under the governing statute and that it would be improper to rely on the doctrine of implied findings in a case like this.  Mann, for his part, advances several theories under which the court's finding could be deemed proper and urges us to indulge all presumptions in favor of the judgment.

We begin with an overview of RFAs and the role they play in the statutory civil discovery scheme.  In civil cases, litigants can request their opposition admit to certain facts prior to trial.  (§ 2033.010.)  The purpose of this procedure is to resolve issues early, insofar as that is possible, and to expedite the trial.  (*Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 509 (*Brooks*).)  And because "requests for admissions are not limited to matters within personal knowledge of the responding party, that party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge."  (*Smith v. Circle P Ranch Co.* (1978) 87 Cal.App.3d 267, 273 (*Circle P*).)

5

If a litigant fails to admit to a fact that is the subject of an RFA and the requesting party then proves that fact at trial, the requesting party can move for an award of costs of proof. (§ 2033.420.) Such an award is mandatory, *unless* one of four exceptions applies: "(1) that an objection to the request was sustained or a response to the request was waived; (2) the admission sought was of no substantial importance; (3) the party failing to make the admission had reasonable ground to believe that the party would prevail on the matter; or (4) there was other good reason for the failure to admit the request." (*Laabs v. City of Victorville* (*Laabs*) (2008) 163 Cal.App.4th 1242, 1276; § 2033.420.)

A trial court's denial of a motion for costs is reviewed for abuse of discretion. (*Laabs, supra*, 163 Cal.App.4th at pp. 1275–1276.) This "deferential standard of review . . . requires us to uphold the trial court's determination . . . so long as it is reasonable." (*Bloxham v. Saldinger* (2014) 228 Cal.App.4th 729, 753.) Furthermore, whether any of the statutory exceptions apply falls squarely "within the sound discretion of the trial court." (*Brooks, supra*, 179 Cal.App.3d 500, 508.)

Although there is no statutory basis or caselaw holding that a trial court is required to create a record of its reasons for denying costs of proof, Figg attempts to imply such an obligation from the *Circle P* decision. (*Circle P, supra*, 87 Cal.App.3d 267.) In that case, however, the appellate court explicitly noted that the statutory predecessor of 2033.420 "does not require the trial court to make written findings disclosing its reasons" before commenting that "there are instances when, in the interest of availing the aggrieved party of a meaningful appellate review, express findings . . . are desirable." (*Id*. at p. 278.) It went on to conclude that in the case before it, remand was required because it could not determine, based on the record,

6

whether the "dollar amount awarded" was "reasonably related" to the discovery abuse committed by the responding party. (*Id.* at p. 280.)  In other words, the *Circle P* court could not be sure that the amount awarded as costs of proof stayed within the proper bounds of such an award.  This fact-specific disposition, however, did not create any categorical rule that trial courts must state their reasons in adjudicating a section 2033.420 motion.  It did no more than demonstrate that, with a deficient record for review and a questionable award of costs, appellate courts can exercise the option to remand for further findings by the trial court.

Without authority to support his position that explicit findings are required, Figg urges us to disagree with the court in *Laabs, supra*, 163 Cal.App.4th at page 1277, which in his view improperly utilized the doctrine of implied findings to affirm a denial of costs of proof.[3]  He argues this doctrine has its genesis in areas of the law where a litigant is denied a statement of decision for lack of a timely and proper request.  He suggests it is only justified in that narrow context because it is essentially a form of waiver, a rationale that would not apply here.

We are unconvinced.  The justification for the doctrine of implied findings stems, as the *Laabs* court made clear, from "fundamental rules of appellate review" (*Laabs, supra*, 163 Cal.App.4th at p. 1273), namely that "we presume . . . a judgment or order is correct." (*Id.* at p. 1271.)  It is not, as Figg suggests, confined to circumstances where a party waives an

---

[3]     *Laabs's* robust discussion of the doctrine of implied findings is attached to its review of another issue—the trial court's denial of attorney's fees under section 1038. (*Laabs, supra*, 163 Cal.App.4th at pp. 1271–1273.)  But it drew on this earlier discussion when it later reviewed the trial court's denial of costs of proof, affirming because the court *could have* found one of the statutory exceptions applied. (*Id.* at p. 1277.)

7

opportunity to request more detailed findings on the record. (See 9 Witkin & Epstein, Cal. Procedure (5th ed. 2021) Appeal, § 355, p. 410 [explaining that, with a silent record, the presumption that findings to support the judgment were actually made applies both where a statement of findings was waived *and* where "any clear and sufficient finding on which a judgment could rest" exists]; see also *Brewer v. Simpson* (1960) 53 Cal.2d 567, 584.)

Furthermore, the "instances where the Legislature has mandated that a trial court express its reasons or factual determinations on the record" for "law and motion matters" remains the exception, not the rule. (*Laabs, supra*, 163 Cal.App.4th at p. 1272.) When the Legislature has not imposed such a requirement on the trial courts, we are hesitant to do so. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294 [noting judicial exceptions for delicate cases, such as proceedings involving the custody of children].) This deference to both the Legislature and the trial court accords with, and underscores the rationale for, the well-established appellate principle that where the record is silent, we indulge all presumptions and intendments in support of the challenged ruling. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

And in this case, these fundamentals of appellate review mandate that we affirm the denial of costs of proof. Even assuming, as Figg contends, that he conclusively proved his injuries at trial and that Mann's equivocal responses amounted to a legal failure to admit,[4] a review of the record shows at least one clear reason that the trial court might have found a statutory exception to an otherwise mandatory award of costs to Figg—the "good cause" exception.

---

[4] Figg argues we should reach this issue to settle an undecided question of statutory interpretation. We decline the invitation because our resolution does not require it. (See, e.g., *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 951 [electing not to reach an issue when the case resolved on narrower grounds].)

Putting aside the strength of Figg's case that he had ongoing injuries from the car crash, the court could have considered that in the contentious legal sparring that led up to the trial, Figg consistently rebuffed Mann's attempts to conduct the medical examinations that would have reasonably enabled him to admit or deny the RFAs in question.  And while Mann's first lawyer bears some responsibility, every subsequent effort by the second defense team to rectify earlier mistakes was rejected by Figg's attorneys.  By our count, Figg opposed Mann's attempts to obtain an expert examination and to later remedy that deficiency in his defense no less than seven times.  The trial court could have rationally concluded that these efforts were reasonable, and that the possibility the court might grant relief justified the claimed inability to admit or deny.  Indeed, an inference supporting this analysis can be drawn from the fact that Figg was apparently sanctioned for bringing a motion to compel more robust responses to the RFAs.  Given the possibility that the trial court viewed the litigation history between the parties in this light, it would not have been an abuse of discretion to find that no costs of proof were merited.

Because the court could "easily" have come to this conclusion, and because we indulge all inferences in support of the judgment, we conclude there was no abuse of discretion.  (*Laabs, supra,* 163 Cal.App.4th at p. 1277.)

DISPOSITION

The order is affirmed.  Mann is entitled to his costs on appeal.


DATO, J.

WE CONCUR:


HALLER, Acting P. J.


O'ROURKE, J.